**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SEIDELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 6725 |
| ) | |
| MARCO GOMEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Seidelman has sued Aurora police officer Marco Gomez over events that took place starting on August 20, 2011. Seidelman was at a party. There was an altercation, which Seidelman says did not result in fisticuffs or injury, but he was afraid of being attacked by another man who was present and ran off, jumping over a nearby fence to get away from the scene. The next thing he recalls is waking up in the hospital. Other witnesses later told Seidelman (and will testify) that Gomez, who was called to the scene, hit Seidelman without cause, breaking his jaw. Seidelman was arrested and charged with aggravated assault on a police officer. He was acquitted after a trial.

Seidelman has made claims for excessive force, false arrest, and malicious prosecution. He claims damages for, among other things, emotional distress. During his deposition, Seidelman testified as follows:

Q: [H]ave you had any emotional problems since this happened?

A: Yeah. I get scared and nervous when I'm driving and I see an Aurora police officer. I just get a nervous kind of antsy feeling.

Q: To this day, do you have that feeling?

A: Yes.

M. Seidelman Dep. at 63.

Seidelman has moved *in limine* to bar Gomez from offering evidence of prior arrests or convictions of Seidelman. Based on the information before the Court, Seidelman, who is currently 27 or 28 years old, was arrested "a couple" of times when he was 16 or 17 for marijuana or other controlled substance possession and has a misdemeanor conviction for a possession offense. *See id.* at 9-10. Gomez does not contend that the arrests or conviction are admissible for impeaching Seidelman's credibility generally. Rather, Gomez argues the arrests and conviction are admissible "to test Plaintiff's contention that this one episode with the police (an episode which he does not even remember) is the sole reason for his emotional distress and fear of the police." Def.'s Resp. to Pl.'s Mot. *In Limine* No. 1 at 2.

In *Sanchez v. City of Chicago*, 700 F.3d 919 (7th Cir. 2012), the Court addressed an argument that evidence of prior arrests was improperly admitted for the same purpose for which Gomez seeks to introduce such evidence in this case. The trial judge in *Sanchez* instructed the jury when the evidence was introduce that the jury could consider it only for the purpose of assessing the extent of any emotional harm resulting from the conduct at issue in that case. Sanchez, like Seidelman, asserted claims of excessive force and false arrest. The court assessed the relevance and probative value of the evidence as follows:

> Reasonable people might disagree as to the probative worth of Sanchez's arrest history. Given Sanchez's allegation that he was manhandled (and worse) by the officers who dealt with him on April 5, the

> fact that he had been arrested on multiple occasions before—presumably
> without excessive force—arguably does not undermine his claim of
> trauma. There is, after all, a material difference between being arrested
> and being subjected to excessive force in the course of that arrest. On the
> other hand, Sanchez's claim was not limited to the alleged use of
> excessive force; he also alleged that he was falsely detained. Had the
> jury rejected his allegation that he was beaten, but agreed that he was
> falsely detained, his prior arrest history arguably might have been relevant
> to the jury's assessment of any emotional distress he suffered as a result
> of the improper detention.

*Id.* at 931-32. The court ultimately concluded, however, that even if the evidence was improperly admitted, Sanchez was not prejudiced given the limiting instruction. *Id.* at 932.

The Seventh Circuit considered this question again in *Barber v. City of Chicago*, 725 F.3d 702 (7th Cir. 2013). The plaintiff in *Barber* sued for false arrest and excessive force. The trial judge allowed the defendants to introduce a subsequent conviction of the plaintiff for felony possession of a stolen motor vehicle (PSMV) to rebut the plaintiff's contention that because of the police mistreatment for which he was suing, he had a fear of the police officers who had arrested him and used excessive force (not a fear of the police generally). The court concluded that the admission of the evidence was an abuse of discretion and, along with another erroneous evidentiary ruling, reversible error. It said that although "[t]here arguably may be some connection between Barber's intervening PSMV conviction and incarceration and the issue of emotional-distress damages, but that connection is tenuous at best." *Id.* at 712. The court distinguished *Sanchez* partly on the basis that the plaintiff in that case claimed a fear of the police generally, whereas the plaintiff in *Barber* claimed a fear of particular police officers and disavowed any general fear of the police, a factor that made the connection between the conviction and his claim of emotional distress "even more tenuous than the

3

questionable connection in *Sanchez*." *Id.* at 712-13. More importantly for present purposes, the court also noted:

> [T]here is a difference between being arrested with and without excessive force. Moreover, there is a difference between being falsely arrested on one occasion and being rightfully arrested (and rightfully convicted) on another occasion. It is possible for a person to be traumatized by being falsely hauled off to jail and incarcerated, while accepting responsibility for his other misdeeds that result in even longer, lawful incarceration. That is, a person may suffer emotional distress from being falsely arrested and held for mere hours while suffering no or minimal emotional distress (or emotional distress of a different kind) after being rightfully arrested, convicted, and incarcerated.

*Id.* at 713. In addition, the court noted, Barber did not claim "a generally disabling long-term trauma. That is, he did not try to establish that everything rotten in his life stems from the emotional trauma he experienced as a result of the defendants' actions." *Id.* More generally, the court stated, "[t]he larger the chunk of one's life that is claimed to have been negatively impacted by emotional distress, the more important it is to explore other events that may have contributed to the individual's loss." For these reasons, the court concluded, it was "difficult to see the probative value of his intervening PSMV conviction and resulting incarceration on the issue of emotional distress," and the court concluded that the evidence should have been excluded under Rule 403, because the danger of unfair prejudice substantially outweighed its "miniscule probative value." *Id.* at 714. In this regard, the court noted that "[p]resenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers." *Id.*

Though Seidelman, like Sanchez and unlike Barber, claims a fear of police generally rather than of the particular police officers with whom he dealt, the Court

4

concludes that the evidence of his prior arrests and drug possession conviction should be excluded under Rule 403.  Based on the record before the court, the arrests and conviction predate by well over five years the incident at issue in this case.  There is no suggestion that the earlier arrests were improper or claimed to be such, and there is no hint of any use or claim of excessive force in those encounters.  And Seidelman's claim of emotional distress in this case is not a wide-ranging claim suggesting an impairment of his ability to work, sleep, or conduct daily activities, but rather only a fear of the police.  Given these factors, the evidence that Gomez seeks to introduce has precious little probative value, if it has any at all.  Against this, there is a significant danger of unfair prejudice, in exactly the sense that the Seventh Circuit noted in *Barber*: even with a limiting instruction, a jury might view Barber as somehow less than deserving of protection against alleged violations of his rights.  This significantly outweighs the limited probative value of the evidence that Gomez seeks to introduce.

## Conclusion

For the reasons stated above, the Court grants Seidelman's motion *in limine* to exclude evidence of his prior arrests and conviction.

                                                                                                    _____
                                                                                                    MATTHEW F. KENNELLY
                                                                                                    United States District Judge

Date:  February 21, 2014