**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SEIDELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 6725 |
| vs. ) | |
| ) | Judge Matthew F. Kennelly |
| MARCO GOMEZ, an Aurora ) | |
| Police Officer, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, Marco Gomez, moves prior to submission of the case to the jury for judgment as a matter of law pursuant to F.R.C.P. 50(a) as to each Count of the Complaint. In support of this Motion, Defendant Gomez states:

### Count I (Excessive Force)

1. The admissions of Nayeli Ramos compel judgment as a matter of law on the excessive force claim.

2. Ms. Ramos admitted that (a) she and Plaintiff were struggling after Defendant identified himself as an Aurora police officer; (b) Plaintiff broke away from her while the two were within close range to the defendant; (c) Plaintiff then took 2-3 fast steps toward Defendant with one arm raised; at which point (d) Defendant hit Plaintiff with a backhand – left hand to left side of the face.

3. As a matter of law, a police officer like Plaintiff had the right to use this measure of force to defend himself. This measure is not objectively unreasonable under the Graham standard. Caitlin v. City of Wheaton, 574 F.3d 361 (7th Cir. 2009).

4. At a minimum, a reasonable police officer could have believed that the measure of force attributed to Defendant was reasonable under the circumstances – once again, the facts of the struggle, the approach, the close range, and the rapid approach by Plaintiff with arms raised could lead a reasonable police officer to conclude that the measure of force used was reasonably necessary so as to entitle defendant to judgment based on his qualified immunity. As a matter of law, this use of force was not so "'plainly excessive that, as an objective manner, police officers could have been on notice that they were violating the Fourth Amendment.'" Findlay v. Lenderman, 722 F.3d 895, 899 (7th Cir. 2013) [Internal cites omitted].

**Count II (False Arrest)**

5. It is undisputed that, immediately after the use of force, Officer Gomez dropped out of the picture. He did not interview Ms. Ramos.

6. It is further undisputed that the scene was taken over by non-party Officer Jason Woolsey. Woolsey is listed in the police report as the complainant.

7. It is further undisputed that Officer Woolsey signed the criminal complaint charging Plaintiff with aggravated assault.

8. Because Officer Gomez was not the arresting officer, he cannot be liable for false arrest.

9. In the alternative, and again accepting the Nayeli Ramos version of the encounter, the undisputed fact described above furnishes a reasonable police officer with probable cause to believe Plaintiff committed aggravated assault.

10. In the alternative, a reasonable police officer could have believed that Plaintiff committed aggravated assault. Therefore, to the extent the Court finds that Defendant Officer Gomez "caused" the arrest of Plaintiff, a reasonable police officer could have concluded that

there was such probable cause so as to entitle Officer Gomez to judgment as a matter of law in the false arrest claim.

**Count III (Malicious Prosecution)**

11. For the reason set forth above, Officer Gomez neither commenced nor continued a criminal prosecution of Plaintiff so as to be liable for malicious prosecution.

12. In the alternative, Defendant had probable cause to commence a prosecution for malicious prosecution for aggravated assault of a police officer.

13. Finally, there is no evidence of malice so as to make Defendant potentially liable for malicious prosecution under Illinois law.

    Respectfully submitted,

    OFFICER MARCO GOMEZ

    By:    /s/ John B. Murphey

JOHN B. MURPHEY
YANCEY L. PINKSTON, JR.
Rosenthal, Murphey, Coblentz & Donahue
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
(312) 541-1070
(312) 541-9191 (fax)

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Richard J. Dvorak
Law Offices of Richard Dvorak
200 S. Wacker Drive
Suite 3148
Chicago, Illinois 60606

    /s/    John B. Murphey
ROSENTHAL, MURPHEY, COBLENTZ & DONAHUE
Attorney for City of Aurora
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax (312) 541-9191